# EXHIBIT A

REVISED SETTLEMENT AND RELEASE AGREEMENT

**THIS REVISED SETTLEMENT AND RELEASE AGREEMENT** ("Agreement" or "Release") is made by Jan Sears n/k/a Jan Anderson (hereafter referred to as "Sears") in favor of Tube City IMS, LLC ("TCIMS").

WHEREAS, in or around November 2011, Sears was hired by TCIMS to work at its operation at the SSAB mill site in Axis, Alabama;

WHEREAS, in or around November 2013, Sear's employment with TCIMS was terminated;

WHEREAS, on or about May 27, 2014, Sears filed a lawsuit against TCIMS alleging that TCIMS unlawfully withheld overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, said lawsuit being styled *Jan Sears v. Tube City IMC, LLC*, In the United States District Court for the Southern District of Alabama, Southern Division, Civil Action No. 1:14-cv-230-KD-B (hereinafter the "the Litigation");

WHEREAS, TCIMS specifically disclaims and denies Sears's allegations and denies any liability to Sears relating to the Litigation, or with respect to her employment with and separation from TCIMS; and

WHEREAS, to avoid all further legal expense and uncertainty, Sears is desirous of entering into a compromise, settlement, and release with respect to all claims or causes of action as more fully described below.

NOW, THEREFORE, it is agreed as follows:

1. For and in consideration of the sum total of $5,000.00 (Five Thousand Dollars and 0/100), which includes $2,597.83 (Two Thousand Five Hundred and Ninety-Seven Dollars and 83/100) in attorneys' fees and costs, and the mutual promises contained herein, the receipt

and sufficiency of which is hereby acknowledged, Sears, now and forever, fully and finally releases, acquits, and discharges TCIMS, and as applicable, its officers, board members, directors, trustees, shareholders, representatives, attorneys, predecessors, successors, parent companies, subsidiaries, affiliated companies, assigns, insurers, agents, employees, and former employees (hereinafter sometimes collectively referred to as the "Released Parties"), from any and all claims, liability, damages, attorneys' fees and costs, injuries, causes of action, demands and/or losses, known or unknown, of any kind or character, now accrued or hereafter to accrue, arising out of, or related in any way to Sears's wages, hours, and compensation at TCIMS or the allegations made by Sears in the Complaint filed in the Litigation, including, but not limited to, any and all claims for alleged failure to pay overtime or other compensation required by the FLSA. The released claims include, without limitation, all such claims arising under the FLSA and similar state or local law; federal common law; or any other state, federal, or local law, regulation, or ordinance related to wages and hours. Sears hereby acknowledges full, final, and complete accord, settlement and satisfaction of any and all claims, including any claims for attorneys' fees and costs, arising out of, or related to the Litigation, or her wages, hours, and compensation while employed by TCIMS. This release shall not be construed as a prospective waiver of Sears's rights under the FLSA.

2.  This Release is a contractual settlement executed for the purposes of compromising disputed claims and to avoid litigation. The Released Parties have expressly denied any and all alleged liability to Sears. Neither this Release is, nor shall it be deemed to be, an admission of liability on the part of such Released Parties, all such liability hereby expressly being denied.

3. This Agreement shall be binding upon, as appropriate, the successors, heirs, and assigns of Sears. Sears expressly agrees, represents, and warrants that all agreements and understandings relating in any way to the subject matter of this Release are expressed herein. Sears further represents that there are no oral agreements or understandings of any nature whatsoever which contradict, vary, modify, supplement, or add in any way to the express written terms of this Release. Sears enters into this Release for the purpose of making full and final compromise, adjustment, and settlement of the claims as more fully described herein.

4. Except for the payment of backpay in the amount of $2,402.17 (Two Thousand Four Hundred Two Dollars and 17/100), Sears understands and agrees that the money paid herein is not in the nature of wages and that no taxes will be withheld from the consideration paid herein by the Released Parties and that Sears has the sole responsibility to pay taxes, if any, that may become due. Sears further agrees to indemnify and hold the Released Parties harmless from any claims that may be asserted against them based on the failure to withhold taxes on the consideration paid herein.

5. Should any provision of this Release require interpretation or construction, it is agreed hereto that the Court, administrative body, or other entity interpreting or construing it shall not apply a presumption that the provisions hereof shall be more strictly construed against any person, party, or entity who itself or through its agent prepared the same, it being agreed that Sears has fully participated in the negotiation and preparation of all provisions of this Release.

6. Sears further represents and agrees: (a) she will not seek any remuneration or benefits not already paid by the Released Parties; (b) she will not apply for reemployment at any

time for any position with TCIMS; and (c) TCIMS has good and sufficient grounds to refuse to employ her should she attempt to apply for a position with TCIMS at any time in the future.

7. If contacted by any third party prospective employer, TCIMS agrees to provide Sears with a neutral reference. Inquiries for references should be directed to the attention of John Ponzuric (Director of Human Resources), who will provide only Sears's job title and dates of employment.

8. Sears recognizes that TCIMS has many legitimate protectable interests, including but not limited to confidential proprietary, business process, and personal information. Accordingly, Sears promises that neither she nor her husband, Bob Anderson ("Anderson"), will voluntarily encourage, counsel, or assist (directly or indirectly) any current or former employee of TCIMS or third party (excluding governmental agencies) in the preparation or prosecution of any civil dispute, grievance, claim, charge, or complaint against TCIMS or any Released Party (in such Released Party's TCIMS capacity) unless Sears or Anderson is compelled to do so by valid legal process. Nothing in this provision is intended to prevent or prohibit Sears or Anderson, when served with a subpoena or other valid legal process, from participating in an investigation conducted by a government agency.

9. Sears expressly represents and warrants that she has not assigned or transferred any alleged cause of action against the Released Parties to any third party. Sears agrees to take such further action and to execute such further and additional documents, instruments, or writings as may be necessary or required for the purposes of fully effectuating the terms and provisions of this Agreement, including the filing of a motion requesting that the Court approve this settlement and dismiss the action with prejudice, with costs taxed as paid.

10. If any portion of this Agreement is later held by a court of competent jurisdiction to conflict with any federal, state or local law, and as a result, such portion or portions are declared to be invalid and of no force or effect in such jurisdiction, all remaining provisions of this Agreement shall otherwise remain in full force and effect and be construed as if the invalid portion or portions had not been included herein.

INTENTIONALLY LEFT BLANK

11. After being executed by Sears, this Agreement will become effective on the date on which it is approved by the Court in this Action.

_____
Jan Anderson

Date: 12/10/14

WITNESSED AND ACKNOWLEDGED BY:

_____
Bob Anderson

STATE OF __AL__ )

5

COUNTY OF Mobile   )

    I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that Jan Anderson, whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that being informed of the contents of the said instrument, she executed the same voluntarily on the date the same bears date.

    GIVEN under my hand and seal this 16th day of November, 2014.

[NOTARIAL SEAL]

                              Notary Public

6